
**Thomas | Horstemeyer**
INTELLECTUAL PROPERTY ATTORNEYS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/22/22

June 20, 2022

Honorable Colleen McMahon
United States District Court Judge
500 Pearl Street, Room 2550
New York, New York 10007

VIA ECF AND FEDEX

RE: **Motion to Stay *mCom IP, LLC v. Backbase U.S.A. Inc.*, 1:22-cv-02046-CM, Pending *Inter Partes* Review of the Asserted Patent**

Dear Judge McMahon:

I represent Defendant Backbase U.S.A., Inc. ("Backbase") in the above-identified proceeding. I write to respectfully request that, if the Court does not grant Backbase's Rule 12(b) motion to dismiss for improper venue and failure to state a claim (Dkt. 14), the Court, in the alternative, stay this case pending resolution of an already-instituted *inter partes* review ("IPR") on U.S. Patent No. 8,862,508 ("the '508 Patent"), which is the patent asserted by Plaintiff mCom IP, LLC ("mCom") against Backbase in this case. As discussed in further detail below, a stay is appropriate, in the alternative, because the final resolution of the IPR will significantly reduce issues in this case, this case has only just begun, and mCom will not be prejudiced.

### Background

Approximately five months before mCom commenced the present action, a non-party, Unified Patents, LLC ("Unified Patents"), petitioned for IPR of claims 1, 3-7, 9-13, 15, 16, and 18-20 of the '508 Patent. *See* Ex. A at 1. MCom filed a preliminary response to the petition under 35 U.S.C. § 313. *See id.* The Patent Trial and Appeal Board ("PTAB") rejected all of mCom's arguments and instituted IPR of the '508 Patent on March 7, 2023. *See id.* ("We thus institute *inter partes* review on all challenged claims on all asserted grounds.") Final oral argument in the IPR is set for December 6, 2022, and the PTAB is scheduled to issue a final written decision no later than March 7, 2023. *See* Ex. B at 10; 35 U.S.C. § 316(a)(11).

Four days after the PTAB instituted IPR on the '508 Patent for there being a "reasonable likelihood" of invalidity, mCom filed the Complaint in this action against Backbase. *See* Dkt. 1. The only specific claim identified in the Complaint as allegedly infringed by Backbase is claim 13 of the '508 Patent,

Honorable Colleen McMahon
June 20, 2022
Page 2 of 4

which is one of the claims in the instituted IPR. *See* Dkt. 1-1 (infringement chart).

## This Case Should Be Stayed Pending Final Resolution of the IPR

This Court generally considers three factors in deciding whether to stay a case pending an IPR: "(1) whether a stay will simplify the issues in question and trial of the case; (2) the stage of the proceedings; and (3) whether a stay will prejudice the nonmoving party." *Molo Design, Ltd. v. Chanel, Inc.*, No. 21-CV-01578 (VEC), 2022 U.S. Dist. LEXIS 79480, at *4-5 (S.D.N.Y. May 2, 2022). As discussed below, all three factors weigh heavily in favor of a stay.

### First Factor: a Stay Will Simplify at least Validity and Claim Construction Issues.

A stay is appropriate in this case because it will greatly simplify issues for trial. The PTAB already rejected mCom's primary validity arguments in the IPR institution decision and concluded that there is a "reasonable likelihood" that the challenged claims of the '508 Patent are invalid. Ex. A at 2. Thus, it is likely that claims 1, 3-7, 9-13, 15, 16, and 18-20 of the '508 Patent will all be held invalid when the PTAB issues its final decision, greatly reducing (or completely eliminating) the number of patent claims that will be asserted against Backbase in this case.

In addition to likely invalidating the challenged claims of the '508 Patent, the PTAB's final IPR decision is likely to simplify issues because the PTAB will also address claim construction issues relevant to the present action. *See* Ex. A at 14, n.12 ("Claim construction *will* be determined at the close of all evidence and after any hearing. (emphasis added)). Additionally, mCom may make statements regarding claim scope in its briefing or oral argument, which would also impact claim construction proceedings in this case. Therefore, a stay will likely simplify and avoid the parties having to re-litigate claim construction issues in this case.

When Backbase's counsel asked mCom's counsel whether it would join the present motion to stay, mCom's counsel indicated that it would oppose a stay because claims 2, 8, 14, and 17 of the '508 Patent are not included in the IPR.[1] However, there is no indication that any of those dependent claims will even be at issue in this case. *See* Dkt. 1-1 (infringement chart addressing only claim

---

[1] Claims 2, 8, 14, and 17 are not included in the IPR because Unified Patents did not challenge them in its IPR petition. *See* Ex. A at 2.

Honorable Colleen McMahon
June 20, 2022
Page 3 of 4

13). Moreover, mCom ignores that those four non-instituted claims depend
from independent claims 1, 7, and 13, respectively, which are included in the
IPR. It is highly likely that PTAB's rulings on validity and claim construction
regarding the independent claims will impact issues regarding the non-
instituted dependent claims, if those claims ever become at issue in this case.

Additionally, in a litigation pending in the Northern District of Texas in
which mCom is asserting the '508 Patent against another party, mCom
argued that a stay was not appropriate because of the four non-instituted
dependent claims. *See* Ex. C at 3. However, despite those four dependent
claims, the Northern District of Texas recognized the benefits of awaiting
resolution of the IPR and ordered a stay. *See* Ex. D at 1 ("The Court hereby
STAYS all portions of this action pending resolution of the *inter partes* review
proceeding ... ."). This Court should do the same in this case.

In sum, a short stay to await the final resolution of the already-instituted IPR
will likely greatly simplify several issues in this case pertaining to at least
invalidity and claim construction. This factor weighs heavily in favor of a stay.

### Second Factor: the Early Stage of this Case Favors a Stay

This case is in its infancy. The only notable activity to date has been the
briefing on Backbase's pending Rule 12 motion to dismiss (Dkt. 14).
Discovery has not begun, and there is no scheduling order in this case.
Because this case is at a very early stage, the second factor also heavily favors
a stay.

### Third Factor: a Stay Will Not Prejudice mCom

As to the third factor, a stay will not prejudice mCom. MCom and Backbase
are not competitors, mCom has not sought a preliminary injunction, and
monetary compensation would be adequate to compensate for any alleged
infringement by Backbase. Additionally, mCom inexplicably waited more
than a year after it allegedly purchased the '508 Patent to file this suit against
Backbase, demonstrating that a short stay will not harm mCom. *See* Ex. C at 4
(alleging that mCom acquired the '508 Patent in January 2021). Because
staying this case to await resolution of the IPR will not prejudice mCom, this
factor also heavily favors a stay.

Honorable Colleen McMahon
June 20, 2022
Page 4 of 4

Another District Court Has Stayed a Case Involving the '508 Patent for the
IPR

As noted above, the Northern District of Texas stayed a pending litigation
involving the '508 Patent to await the resolution of the IPR filed by Unified
Patents. When the defendant in the Northern District of Texas litigation
moved to stay that case, it had already been pending for ten months, discovery
was already underway, claim construction proceedings had been scheduled,
and a trial date had been set. *See* Ex. C at 4-5.

The facts in the present case are even *more* favorable for granting a stay. Here,
the only significant activity has been briefing on Backbase's motion to
dismiss. Discovery has not commenced, there is no scheduling order, and a
trial date has not been set. As such, a stay of the present case is more
warranted than in the Northern District of Texas case.

In sum, because all factors heavily favor staying this case to await final
resolution of the IPR on the '508 Patent, Backbase respectfully requests that
this case be stayed if the Court does not grant Backbase's motion to dismiss.

Sincerely,

N. Andrew Crain
a.crain@thip.law

Enclosures:[2]

| | |
|---|---|
| Ex. A | IPR Institution Decision in *Unified Patents, LLC v. mCom IP, LLC*, IPR 2022-00055 (PTAB Mar. 7, 2022) |
| Ex. B | Scheduling Order in *Unified Patents, LLC v. mCom IP, LLC*, IPR 2022-00055 (PTAB Mar. 7, 2022) |
| Ex. C | MCom IP, LLC's Opposition to Motion to Stay Pending Inter Partes Review in *mCom IP, LLC v. Avaya Holdings Corp.*, No. 3:21-cv-01550 (N.D. Tex. May 6, 2022) |
| Ex. D | Order Granting Stay Pending *Inter Partes* Review in *mCom IP, LLC v. Avaya Holdings Corp.*, No. 3:21-cv-01550 (N.D. Tex. May 10, 2022) |

[2] Hard copies are also being sent to the Court via FedEx.